**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| MPCA KING OF SPADES, a division of<br>THE MUSIC PUBLISHING COMPANY OF<br>OF AMERICA, LLC;<br>CORE MUSIC PUBLISHING, a division of<br>THE ANTHEM ENTERTAINMENT<br>GROUP, INC.; DEE SNIDER,<br>d/b/a SNIDEST MUSIC; and<br>ROBERT DYLAN, d/b/a DWARF MUSIC,<br>RAMS HORN MUSIC, and<br>SPECIAL RIDER MUSIC,<br><br>   Plaintiffs,<br><br> v.<br><br>T.E.C. 2 BROADCASTING, INC. and<br>THOMAS E. COPENHAVER,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>) |

**<u>COMPLAINT</u>**

   Plaintiffs, by and through their counsel, file this Complaint for willful copyright infringement, and in support thereof aver the following:

   1.  This is an action for willful copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, <u>et</u> <u>seq</u>. (the "Copyright Act"). Plaintiffs, all of whom are affiliates of SESAC, Inc., a "performing rights society" under 17 U.S.C. § 101, seek injunctive relief and damages for Defendants' repeated, unauthorized public performances of Plaintiffs' copyrighted musical compositions on Defendants' owned and operated commercial radio station.

## JURISDICTION AND VENUE

2.      This Court has exclusive jurisdiction of actions arising under the Copyright Act pursuant to 28 U.S.C. § 1338(a).

3.      Venue is properly laid in this judicial district under the general venue provisions of 28 U.S.C. § 1391 and under the special venue provisions of 28 U.S.C. § 1400(a) that are applicable to copyright actions.

## THE PARTIES

4.      Plaintiff MPCA King of Spades, a division of the Music Publishing Company of America, LLC. ("MPCA"), a New York corporation, is the publisher and the copyright owner of "Crossroads" one of the infringed musical compositions that are the subject of this action.

5.      Plaintiff Core Music Publishing, a division of The Anthem Entertainment Group, Inc. ("Core"), a Canadian corporation, is the publisher and copyright owner of "Fly by Night," "Freewill, "Limelight," "New World Man," "Red Barchetta," "Subdivisions," "The Spirit of Radio," "Working Man," "Tom Sawyer," and "Closer to the Heart," ten of the infringed musical compositions that are the subject of this action.

6.      Plaintiff Snidest Music, Inc. ("Snidest"), a registered assumed business name for Dee Snider, is the publisher and the copyright owner of "We're Not Gonna Take It" one of the infringed musical compositions that are the subject of this action.

7.      Plaintiff Dwarf Music ("Dwarf"), a registered assumed business name for Robert Dylan, an individual citizen of the State of New York, is the publisher and copyright owner of "All Along the Watchtower" and "Rainy Day Woman #12 & 35," two of the infringed musical compositions that are the subject of this action.

8.      Plaintiff Rams Horn Music ("Rams Horn"), a registered assumed business name for Robert Dylan, an individual citizen of the State of New York,  is the publisher and copyright owner of "Knockin' on Heaven's Door" and "Tangled Up in Blue," two of the infringed musical compositions that are the subject of this action.

9.      Plaintiff Special Rider Music ("Special Rider"), a registered assumed business name for Robert Dylan, an individual citizen of the State of New York,  is the publisher and the copyright owner of "Positively 4th Street" one of the infringed musical compositions that are the subject of this action.

10.     Upon information and belief, Defendant T.E.C. 2 Broadcasting, Inc. ("T.E.C. 2") at all times pertinent was and remains a corporation organized and existing under the laws of the Commonwealth of Virginia operating and conducting business from its principal place of business at 114 West Main Street, Marion, Virginia.

11.     Upon information and belief, T.E.C. 2 is engaged in the business of owning and operating commercial radio stations, including WOLD-FM, Marion, Virginia.

12.     Upon information and belief, Defendant Thomas E. Copenhaver ("Copenhaver") at all times pertinent was and remains a resident of the Commonwealth of Virginia.  Upon information and belief, as president of T.E.C. 2, Copenhaver determines, and/or has the ability to control the policies and practices of its owned and operated radio station regarding the licensing and performance of music on its radio station, including the decision to forego licensing of public performance rights for the subject musical compositions through a blanket license from SESAC, Inc. or any other source.

## COUNT I

13.     Paragraphs 1 through 12 are incorporated herein by reference as if set forth at length.

14.     Beginning no later than March 20, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Fly by Night," published by Plaintiff Core, was publicly performed on WOLD-FM.

15.     "Fly by Night" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on December 15, 2003 (RE-887707).

16.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Fly by Night."

17.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Fly by Night", and Defendants are directly and/or vicariously liable for its infringement.

18.     Defendants' specific acts of infringement of "Fly by Night," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT II

19.     Paragraphs 1 through 18 are incorporated herein by reference as if set forth at length.

20.     Beginning no later than March 23, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Freewill," published by Plaintiff Core, was publicly performed on WOLD-FM.

21.     "Freewill" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on May 2, 1980 (PA-66536).

22.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Freewill."

23.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Freewill", and Defendants are directly and/or vicariously liable for its infringement.

24.     Defendants' specific acts of infringement of "Freewill," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT III

25.     Paragraphs 1 through 24 are incorporated herein by reference as if set forth at length.

26.     Beginning no later than March 21, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Limelight," published by Plaintiff Core, was publicly performed on WOLD-FM.

27.     "Limelight" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on February 20, 1981 (PA-100469).

28.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Limelight."

29.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Limelight", and Defendants are directly and/or vicariously liable for its infringement.

30.     Defendants' specific acts of infringement of "Limelight," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT IV

31.     Paragraphs 1 through 30 are incorporated herein by reference as if set forth at length.

32.     Beginning no later than March 22, 2010 and on repeated occasions thereafter, the copyrighted musical composition "New World Man," published by Plaintiff Core, was publicly performed on WOLD-FM.

33.     "New World Man" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on August 31, 1981 (PA-148660).

34.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "New World Man."

35.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "New World Man", and Defendants are directly and/or vicariously liable for its infringement.

36.     Defendants' specific acts of infringement of "New World Man," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT V

37.     Paragraphs 1 through 36 are incorporated herein by reference as if set forth at length.

38.     Beginning no later than March 24, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Red Barchetta," published by Plaintiff Core, was publicly performed on WOLD-FM.

39.     "Red Barchetta" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on February 20, 1981 (PA-100467).

40.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Red Barchetta."

41.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Red Barchetta", and Defendants are directly and/or vicariously liable for its infringement.

42.     Defendants' specific acts of infringement of "Red Barchetta," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT VI

43.     Paragraphs 1 through 42 are incorporated herein by reference as if set forth at length.

44.     Beginning no later than March 20, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Subdivisions," published by Plaintiff Core, was publicly performed on WOLD-FM.

45.     "Subdivisions" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on October 4, 1982 (PA-151877).

46.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Subdivisions."

47.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Subdivisions", and Defendants are directly and/or vicariously liable for its infringement.

48.     Defendants' specific acts of infringement of "Subdivisions," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT VII

49.     Paragraphs 1 through 48 are incorporated herein by reference as if set forth at length.

50.     Beginning no later than March 22, 2010 and on repeated occasions thereafter, the copyrighted musical composition "The Spirit of Radio," published by Plaintiff Core, was publicly performed on WOLD-FM.

51.     "The Spirit of Radio" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on May 2, 1980 (PA-66535).

52.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "The Spirit of Radio."

53.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "The Spirit of Radio", and Defendants are directly and/or vicariously liable for its infringement.

54.     Defendants' specific acts of infringement of "The Spirit of Radio," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT VIII

55.     Paragraphs 1 through 54 are incorporated herein by reference as if set forth at length.

56.     Beginning no later than March 21, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Tom Sawyer," published by Plaintiff Core, was publicly performed on WOLD-FM.

57.     "Tom Sawyer" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on February 20, 1981 (PA-100466).

58.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Tom Sawyer."

59.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Tom Sawyer", and Defendants are directly and/or vicariously liable for its infringement.

60.     Defendants' specific acts of infringement of "Tom Sawyer," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT IX

61.     Paragraphs 1 through 60 are incorporated herein by reference as if set forth at length.

62.     Beginning no later than March 23, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Working Man," published by Plaintiff Core, was publicly performed on WOLD-FM.

63.     "Working Man" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on June 20, 1975 (EU-58962).

64.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Working Man."

65.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Working Man", and Defendants are directly and/or vicariously liable for its infringement.

66.     Defendants' specific acts of infringement of "Working Man," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT X

67.     Paragraphs 1 through 66 are incorporated herein by reference as if set forth at length.

68.     Beginning no later than March 2, 2011 and on repeated occasions thereafter, the copyrighted musical composition "Closer to the Heart," published by Plaintiff Core, was publicly performed on WOLD-FM.

69.     "Closer to the Heart" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on November 28, 1977 (EU-849485).

70.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Closer to the Heart."

71.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Closer to the Heart", and Defendants are directly and/or vicariously liable for its infringement.

72.     Defendants' specific acts of infringement of "Closer to the Heart," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Core which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XI

73.     Paragraphs 1 through 72 are incorporated herein by reference as if set forth at length.

74.     Beginning no later than March 22, 2010 and on repeated occasions thereafter, the copyrighted musical composition "All Along the Watchtower," published by Plaintiff Dwarf, was publicly performed on WOLD-FM.

75.     "All Along the Watchtower" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on January 15, 1968 (EU-32648).

76.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "All Along the Watchtower."

77.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "All Along the Watchtower", and Defendants are directly and/or vicariously liable for its infringement.

78.     Defendants' specific acts of infringement of "All Along the Watchtower," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Dwarf which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XII

79.     Paragraphs 1 through 78 are incorporated herein by reference as if set forth at length.

80.     Beginning no later than March 23, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Rainy Day Woman #16 & 35," published by Plaintiff Dwarf, was publicly performed on WOLD-FM.

81.     "Rainy Day Woman #16 & 35" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on March 29, 1966 (EU- 930905).

82.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Rainy Day Woman #16 & 35."

83.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Rainy Day Woman #16 & 35", and Defendants are directly and/or vicariously liable for its infringement.

84.     Defendants' specific acts of infringement of "Rainy Day Woman #16 & 35," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Dwarf which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XIII

85.     Paragraphs 1 through 84 are incorporated herein by reference as if set forth at length.

86.     Beginning no later than March 23, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Knockin' on Heaven's Door," published by Plaintiff Rams Horn, was publicly performed on WOLD-FM.

87.     "Knockin' on Heaven's Door" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on June 1, 1973 (EU-410188).

88.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Knockin' on Heaven's Door."

89.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Knockin' on Heaven's Door", and Defendants are directly and/or vicariously liable for its infringement.

90.     Defendants' specific acts of infringement of "Knockin' on Heaven's Door," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Dwarf which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XIV

91.     Paragraphs 1 through 91 are incorporated herein by reference as if set forth at length.

92.     Beginning no later than March 22, 2010 and on repeated occasions thereafter, the copyrighted musical composition "Tangled Up in Blue," published by Plaintiff Rams Horn, was publicly performed on WOLD-FM.

93.     "Tangled Up in Blue" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on October 24, 1974 (EU-529117).

94.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Tangled Up in Blue."

95.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Tangled Up in Blue", and Defendants are directly and/or vicariously liable for its infringement.

96.     Defendants' specific acts of infringement of "Tangled Up in Blue," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Dwarf which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XV

97.     Paragraphs 1 through 96 are incorporated herein by reference as if set forth at length.

98.     Beginning no later than March 3, 2011 and on repeated occasions thereafter, the copyrighted musical composition "Positively 4th Street," published by Plaintiff Special Rider, was publicly performed on WOLD-FM.

99.     "Positively 4th Street" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on October 28, 1993 (RE-647449).

100.    As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Positively 4th Street."

101.    As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Positively 4th Street," and Defendants are directly and/or vicariously liable for its infringement.

102.    Defendants' specific acts of infringement of "Positively 4th Street," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Special Rider which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XVI

103.     Paragraphs 1 through 102 are incorporated herein by reference as if set forth at length.

104.     Beginning no later than March 2, 2011 and on repeated occasions thereafter, the copyrighted musical composition "Crossroads," published by Plaintiff MPCA, was publicly performed on WOLD-FM.

105.     "Crossroads" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on April 9, 1991(PA-546940).

106.     As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "Crossroads."

107.     As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "Crossroads," and Defendants are directly and/or vicariously liable for its infringement.

108.     Defendants' specific acts of infringement of "Crossroads," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff MPCA which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

## COUNT XVII

109.    Paragraphs 1 through 108 are incorporated herein by reference as if set forth at length.

110.    Beginning no later than March 5, 2011 and on repeated occasions thereafter, the copyrighted musical composition "We're Not Gonna Take It," published by Snidest, was publicly performed on WOLD-FM.

111.    "We're Not Gonna Take It" is an original musical composition containing matter copyrightable under the Copyright Act and was duly registered with the United States Copyright Office on October 15, 1984 (PA-226789).

112.    As of at least March 8, 2010, and continuing until the present day, WOLD-FM did not hold a license or other authorization to publicly perform "We're Not Gonna Take It."

113.    As of at least March 8, 2010, and throughout the relevant time period, Defendants either directly determined and/or had the right and ability to control the musical works performed on WOLD-FM, and Defendants had a direct financial interest in the aforementioned broadcast of this copyrighted musical work. Defendants knowingly and intentionally infringed the copyright in "We're Not Gonna Take It", and Defendants are directly and/or vicariously liable for its infringement.

114.    Defendants' specific acts of infringement of "We're Not Gonna Take It," as well as Defendants' entire course of conduct, have caused and are continuing to cause great injury to Plaintiff Snidest which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of such acts Plaintiff will suffer irreparable injury, for all of which Plaintiff is without any adequate remedy at law.

**WHEREFORE**, Plaintiffs pray:

A.     That Defendants and all persons acting under their direction, control, permission or authority, be permanently enjoined and restrained from publicly performing the aforementioned compositions and from causing, permitting or aiding and abetting their public performance by the aforementioned radio stations and web sites owned, operated or controlled by Defendants;

B.     That Defendants and all persons acting under their direction, control, permission or authority, be permanently enjoined and restrained from publicly performing any other copyrighted compositions published by the Plaintiffs herein without license from SESAC, Inc. or authorization from any other source;

C.     That each of the Defendants be ordered to pay compensatory and/or statutory damages of $150,000 per count as permitted by law pursuant to 17 U.S.C. § 504(c), as amended by the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, with respect to each of the infringed works on each cause of action herein, commensurate with the multiple and willful copyright infringements documented herein by Defendants who, as sophisticated commercial users of copyrighted music, were well aware of their obligations under the Copyright Act.

D.     That Defendants be ordered to pay the costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

E.     For such other relief as is just and equitable.

## JURY DEMAND

The plaintiffs demand a trial by jury.

Dated:  October 24, 2011.

**/s/Howard C. McElroy**
Virginia Bar Number 17156
Attorney for Plaintiffs
MCELROY, HODGES, CALDWELL &
THIESSEN
P.O. Box 429
Abingdon, VA 24212
Tel: 276/628-9515
Fax: 276/628-7808
Email: hmcelroy@mcelroyhodges.com

Gary A. Rosen
Pennsylvania Bar Number 40967
Attorney for Plaintiffs (to appear pro hac vice)
LAW OFFICES OF GARY A. ROSEN, P.C.
63 West Lancaster Avenue, Suite 1
Ardmore, PA 19003
Tel: 610/658-8790
Fax: 610/658-8792
Email: grosen@logarpc.com