UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| MPCA KING OF SPADES, etc., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | Civil Action No. 1:11cv00080 |
| ) | |
| T.E.C. 2 BROADCASTING INC. and ) | |
| THOMAS E. COPENHAVER, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion of the defendants opposing the plaintiffs' request for entry upon premises for inspection and copying, (Docket Item No. 32) ("Motion"). The Motion was heard before the undersigned on April 10, 2012. Based on the arguments and representations of counsel, and for the reasons set out below, the court will deny the Motion and allow the inspection and copying.

I.

Plaintiffs are publishers of copyrighted music, including music that is commonly broadcast by "classic rock" radio stations. Plaintiffs are all affiliates of SESAC, Inc., one of three "performing rights societies," along with the American Society of Composers, Authors and Publishers, ("ASCAP"), and Broadcast Music, Inc., ("BMI"), recognized under the Copyright Act. *See* 17 U.S.C.A. § 101 (West Supp. 2011). Hundreds of radio stations in the United States obtain the right to

1

play any and all copyrighted music published by the plaintiffs and others through licenses issued by SESAC.

Defendants own and operate WOLD-FM, a classic rock radio station whose broadcast studio is located in Marion, Virginia. Plaintiffs assert that the defendants held a SESAC license, which permitted WOLD-FM to play plaintiffs' music, until it was terminated for nonpayment as of March 8, 2010. The plaintiffs assert that, after March 8, 2010, the defendant had no legal authorization to play plaintiffs' copyrighted music. The plaintiffs further assert that, during the periods of March 20-24, 2010, and March 3-6, 2011, plaintiffs' representatives recorded WOLD-FM's broadcasts. Plaintiffs allege that, during these periods, WOLD-FM played "no fewer than 17 copyrighted works published by [p]laintiffs … without authorization, some of them several times."

Plaintiffs filed this action in October 2011 seeking injunctive relief and damages alleging copyright infringement by the defendants for repeated, unauthorized public performances of plaintiffs' copyrighted music on WOLD-FM. Plaintiffs assert that, despite being presented with copies of WOLD-FM's broadcasts containing their copyrighted works, the defendants refuse to stipulate that they have played plaintiffs' copyrighted works after March 8, 2010. In fact, plaintiffs allege that WOLD-FM's general manager testified under oath at this deposition that the recordings provided by plaintiffs were fabricated. Plaintiffs assert that they have repeatedly requested through discovery copies of programming logs of the sort customarily maintained in the broadcasting business which would show the songs that have been played on WOLD-FM. In response, the defendants have represented that the station's programming is all done through an automated system, which creates daily programming logs, but is programmed to

delete the logs each day, and that they do not print out or maintain paper copies of these logs.  Plaintiffs assert that the defendants have continued to routinely delete these logs even after the filing of this lawsuit and the plaintiffs' specific discovery requests for copies of the logs.  At the hearing, defense counsel conceded that these logs could have been stored electronically or printed daily, but the defendants chose not to do so until approximately two weeks ago when the defendants began printing and retaining hard copies of these daily logs.

At issue in the Motion is Plaintiffs' First Request For Entry Upon Premises For Inspection And Copying Of Electronically Stored Information served on defense counsel on or about March 14, 2012, ("Request for Entry") (Docket Item No. 32, Att. 1).  The Request for Entry sought entry by plaintiffs' representatives to defendants' offices in Marion on March 21, 2012, "for the purpose of … making forensic electronic copies of all hard drives and other storage media associated with WOLD-FM's broadcast automation system … as well as all electronic storage media provided to defendants (including its [sic] employees) by Jones Radio Networks and/or Dial Global."

By Order dated March 19, 2012, the Request for Entry was stayed pending hearing on the Motion. (Docket Item No. 33).

*II.*

Plaintiffs argue that the Request for Entry is necessary to have qualified forensic computer experts make a forensic copy of the hard drives and storage media of WOLD-FM's automated programming system so that the data may be analyzed to determine if the deleted daily programming logs can be recovered.

3

Plaintiffs argue that such an analysis can be done only by qualified forensic computer experts working with a complete copy of the relevant computer storage media. Defendants originally filed the Motion and opposed the Request for Entry, arguing that the computer system contains private employee, proprietary and privileged information. At the hearing, defense counsel informed the court that the defendants no longer were opposed to allowing plaintiffs' experts access to copy the relevant computer hard drive under certain parameters agreed to by the parties.

The defendants, however, are insisting that plaintiffs or plaintiffs' experts assume liability for any interruption in use of the automated programming system which might force WOLD-FM off of the air during the copying of the hard drive. Plaintiffs' counsel argues that there should be no interruption in service, but, if there is, that is a risk that defendants should bear. In particular, plaintiffs' counsel argues that it was the defendants' continued failure to preserve WOLD-FM's daily programming logs that justifies imposing any risk of interruption in service upon the defendants. The court agrees.

The examination requested by the plaintiffs is not routine. Federal Rule of Civil Procedure 34(a)(1)(A) specifically allows a party to request the production and copying of electronically stored information. The rule does not, however, grant unrestricted access to an opposing party's electronically stored information. *See U&I Corp. v. Advance Med. Design, Inc.*, 251 F.R.D. 667, 674 (M.D. Fla. 2008) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003)). The plaintiffs request to enter the defendants' premises to make a complete forensic copy of any computer hard drive or electronic storage medium used by the defendants' automated programming system. While the examination the plaintiffs seek is extraordinary, it is important to remember that the information sought to be

recovered -- what songs have been played and when -- is at the heart of this litigation. Also, the need to recover this information has been necessitated by the defendants' purposeful failure to retain these logs in an easily accessible format, a failure that continued after the filing of this litigation and after specific discovery requests for the information being routinely discarded. Further, based on these facts, the court finds that the defendants should bear the risk of any possible interruption in service in their automated programming system while the copying occurs. *See Diepenhorst v. City of Battle Creek*, 2006 WL 1851243, at *3 (W.D. Mich. June 30, 2006) (imaging of an opponent's computer hard drive is not to be routinely granted under Fed. R. Civ. P. 34, but may be justified if court finds inadequate production responses or deleted relevant material).

For all these reasons, the Motion will be denied. An appropriate order will be entered.

ENTER: this 10th day of April, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE